**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------------X
BENJAMIN RODRIGUEZ,

                         Plaintiff,

            -against-

605 WEST 42ND OWNER, LLC, *et al.*,

                    Defendants.
------------------------------------------------------------------------X

                    **25 Civ. 8362 (VSB) (GS)**

                    <u>**OPINION & ORDER**</u>

**GARY STEIN, United States Magistrate Judge:**

Plaintiff Benjamin Rodriguez ("Plaintiff" or "Rodriguez") brings this action against Defendants 605 West 42nd Owner, LLC ("605 West"), a building owner, Columbus Property Management ("Columbus"), a management company, and Kelsey Garcia ("Garcia"), a tenant (collectively, "Defendants").  Rodriguez's complaint brings claims for, *inter alia*, discrimination on the basis of race, national origin, sex, and handicap, harassment and retaliation by a landlord, and illegal eviction.  (Dkt. No. 1 ("Complaint" or "Compl.")).

On December 22, 2025, Rodriguez received a Clerk's Certificate of Default as to Defendants 605 West and Columbus for their failure to timely respond to his Complaint.  (Dkt. No. 31; Docket Entry on December 22, 2025).  605 West and Columbus ("Moving Defendants") have moved to vacate the defaults entered against them.  (Dkt. No. 33 ("Def. Br.")).  For the reasons set forth below, 605 West and Columbus' motion to vacate the Clerk's Certificates of Default are **GRANTED**.[1]

---

[1] The Honorable Vernon S. Broderick has referred this matter to the undersigned for general pretrial supervision, including nondispositive motions.  (Dkt. No. 11).

1

## BACKGROUND

On October 9, 2025, Rodriguez filed his initial Complaint. (Dkt. No. 1). Electronic summonses were issued as to 605 West and Columbus on October 10, 2025. (Dkt. Nos. 8, 9). On October 24, 2025, Rodriguez filed his First Amended Complaint. (Dkt. No. 13). On November 6, 2025, Rodriguez filed an Affidavit of Service as to Columbus, demonstrating service of the initial Complaint was effectuated on October 24, 2025. (Dkt. No. 14). On November 20, 2025, Rodriguez filed an Affidavit of Service as to 605 West, demonstrating service of the initial Complaint was effectuated on November 18, 2025. (Dkt. No. 16).

On November 20, Rodriguez filed for a Proposed Clerk's Certificate of Default as to Columbus, which was stricken as improperly filed. (Dkt. No. 17; Docket Entry on November 24, 2025). On December 8, 2025, Rodriguez moved to withdraw his First Amended Complaint, which was approved by this Court on December 16, 2025. (Dkt. Nos. 22, 23). On December 19, 2025, Rodriguez filed Proposed Clerk's Certificates of Default as to 605 West and Columbus. (Dkt. Nos. 27–30). On December 22, 2025, Certificates of Default were entered against both Defendants. (Dkt. No. 31; Docket Entry on December 22, 2025). The next day, 605 West and Columbus moved to vacate the defaults. (Dkt. No. 33 ("Def. Br.")). Rodriguez did not file an opposition or otherwise respond to the motion to set aside the defaults.

## LEGAL STANDARDS

Federal Rule of Civil Procedure 55(a) provides that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise

2

defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a).  Courts may vacate an entry of default for "good cause shown." Fed. R. Civ. P. 55(c).  The Second Circuit has instructed that this standard "requires a court to weigh (1) the willfulness of default, (2) the existence of any meritorious defenses, and (3) prejudice to the non-defaulting party." *Guggenheim Cap., LLC v. Birnbaum*, 722 F.3d 444, 454–55 (2d Cir. 2013) (cleaned up).  "The movant bears the burden of demonstrating good cause for setting aside the default." *State Univ. of New York v. Triple O, LLC*, No. 21-2116, 2022 WL 14177198, at *2 (2d Cir. Oct. 25, 2022) (citing *Sony Corp. v. Elm State Elecs., Inc.*, 800 F.2d 317, 320 (2d Cir. 1986)).

"Defaults are not favored, particularly when the case presents issues of fact, and doubts are to be resolved in favor of a trial on the merits." *Meehan v. Snow*, 652 F.2d 274, 276–77 (2d Cir. 1981).  "Although the factors to be considered are the same, the standard for deciding whether to vacate an entry of default is less rigorous than the standard to be applied in determining whether to vacate a default judgment." *Kryszak v. Norfolk S. Corp.*, No. 17 Civ. 530 (JLS) (MJR), 2020 WL 1445478, at *1 (W.D.N.Y. Mar. 25, 2020) (citing *Am. All. Ins. Co., Ltd. v. Eagle Ins. Co.*, 92 F.3d 57, 59 (2d Cir. 1996)).  "[T]he extreme sanction of a default judgment must remain a weapon of last, rather than first, resort." *Meehan*, 652 F.2d at 277. "Accordingly, plaintiffs are not entitled to a default judgment as a matter of right simply because a party is in default." *Lata v. Live Constr. Corp.*, No. 24 Civ. 5981

3

(RER) (CLP), 2025 WL 2782336, at *3 (E.D.N.Y. Sept. 18, 2025), *R&R adopted*, 2025 WL 2782495 (E.D.N.Y. Sept. 30, 2025).

"'Good cause under Rule 55(c) should be construed generously, and the dispositions of motions for entries of defaults and relief from the same under Rule 55(c) are left to the sound discretion of a district court because it is in the best position to assess the individual circumstances of a given case.'" *Amiel v. Evo Brands, LLC*, No. 24 Civ. 7327 (PMH), 2025 WL 3078161, at *3 (S.D.N.Y. Nov. 4, 2025) (quoting *Caleb & Brown Pty. Ltd. v. Thompson*, No. 20 Civ. 8612 (LAP), 2021 WL 4226183, at *2 (S.D.N.Y. Sept. 16, 2021)). "[W]hen doubt exists as to whether a default should be . . . vacated, the doubt should be resolved in favor of the defaulting party." *Henry v. Oluwole*, 108 F.4th 45, 51 (2d Cir. 2024) (quoting *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 96 (2d Cir. 1993)).

"'A motion to set aside an entry of default is subject to disposition by a magistrate judge under 28 U.S.C. § 636(b)(1)(A).'" *Hubbuch v. Mullooly, Jeffrey, Rooney & Flynn LLP*, No. 25 Civ. 5547 (JHR) (BCM), 2025 WL 2592155, at *4 (S.D.N.Y. Sept. 8, 2025) (quoting *Johnson v. New York Univ.*, 324 F.R.D. 65, 67 n.2 (S.D.N.Y. 2018)); *see also Kryszak*, 2020 WL 1445478, at *1 ("While motions to set aside an entry of default are not listed among the types of relief in Section 636(b) that are expressly dispositive, a number of courts, including many district courts within the Second Circuit, have treated them as non-dispositive." (collecting cases)); *Sheet Metal, Air, Rail & Transportation Workers Loc. Union No. 137 v. Frank Torrone & Sons, Inc.*, No. 15 Civ. 2224 (KAM) (PK), 2018 WL 4771897, at *8

4

(E.D.N.Y. Oct. 3, 2018) ("Although the Second Circuit has not definitively ruled on the issue, the weight of authority indicates that vacatur of a default is not dispositive.").

## DISCUSSION

Here, all three factors favor vacating the defaults.

### A. Willfulness of Default

"In determining the willfulness of a default, the Second Circuit has made clear that carelessness or negligence are insufficient to constitute willfulness." *Kryszak*, 2020 WL 1445478, at *3 (citing *Am. All. Ins. Co.*, 92 F.3d at 61). Willfulness is "egregious or deliberate conduct," such as where a defaulting defendant makes "a strategic decision to default." *Am. All. Ins. Co.*, 92 F.3d at 60–61. "[T]he degree of negligence . . . is a relevant factor to be considered," yet even gross negligence "does not necessarily preclude relief." *Id.* at 61. "The Second Circuit looks for bad faith or for at least something more than mere negligence before rejecting a claim of excusable neglect based on an attorney's or a litigant's error." *Jones v. Herbert*, No. 02 Civ. 0847E(F) (LGF), 2004 WL 3267285, at *2 (W.D.N.Y. Oct. 27, 2004) (citing *Am. All. Ins. Co.*, 92 F.3d at 60).

Here, the Moving Defendants state that the individual who received service for both entities is a receptionist who is not authorized by appointment or law to receive service of process for either company. (Def. Br. at 2). Upon receipt, these summonses were not routed to General Counsel, who was away, but instead were "misdirected to clerical staff and confused with a different matter rather than being

5

flagged for a response." (*Id.*).  The Moving Defendants state that they only became aware of this action when it was flagged during an unrelated title search, at which point they referred the matter to counsel on December 22, 2025, who promptly investigated the matter and filed the instant motion.  (*Id.* at 3).

This sort of confusion does not meet the standard for willfulness. Additionally, "[t]he Second Circuit has found that a defendant's prompt application for a motion to set aside an entry of default suggests that the default was not willful." *Saidnia v. Nimbus Mining LLC*, No. 21 Civ. 7792 (VSB), 2024 WL 2962628, at *4 (S.D.N.Y. June 11, 2024) (citing *Enron Oil Corp.*, 10 F.3d at 98).  The Moving Defendants acted only one day after the entry of the defaults.  Accordingly, this factor favors vacatur of the defaults.

### B.  Existence of Meritorious Defenses

"A defense is meritorious if it is good at law so as to give the factfinder some determination to make." *Am. All. Ins. Co.*, 92 F.3d at 61 (internal quotations omitted); *see also Enron Oil Corp.*, 10 F.3d at 98 (holding that whether a defense is meritorious "is measured not by whether there is a likelihood that it will carry the day, but whether the evidence submitted, if proven at trial, would constitute a complete defense").  "This is a 'low threshold.'" *Hubbuch*, 2025 WL 2592155, at *5 (quoting *Cabrera v. Freedom Mortg. Corp.*, No. 23 Civ. 10556 (JLR), 2024 WL 1805558, at *3 (S.D.N.Y. Apr. 25, 2024)).

The Moving Defendants argue that Rodriguez previously filed a nearly identical federal lawsuit, titled *Rodriguez v. Sky, 605 W 42 St. Owner LLC, et al.*,

Case No. 1:23-cv-08034-LTS (S.D.N.Y.), which involved the same parties and same "core nucleus of operative facts" as the present action. (Def. Br. at 3). The Honorable Laura Taylor Swain entered an order dismissing that action for failure to state a claim on which relief may be granted. *See Rodriguez v. Sky, 605 W 42 St. Owner LLC*, No. 23 Civ. 8034 (LTS), 2024 WL 3429425 (S.D.N.Y. July 16, 2024). Accordingly, the Moving Defendants argue that Rodriguez's present claims are barred entirely under the doctrine of *res judicata*. (Def. Br. at 3).

This Court will not closely scrutinize the Moving Defendants' *res judicata* argument now, nor express any opinion on its validity, as it has not been presented as part of a substantive motion to dismiss or responded to by Rodriguez. And the Court need not do so, given that the standard for finding a meritorious defense is lower. *See Pecarsky v. Galaxiworld.com Ltd.*, 249 F.3d 167, 173–74 (2d Cir. 2001) (finding meritorious defense on arguments that were insufficient to prevail in motion to dismiss). Suffice it to say that, should the Moving Defendants prove correct, this would constitute a complete defense as to Rodriguez's claims, which would be barred in full. Accordingly, this factor weighs in favor of vacatur.

## C. Prejudice to Plaintiff

"A decision to vacate an entry of default which merely causes delay will not constitute prejudice." *Kryszak*, 2020 WL 1445478, at *3 (citing *Enron Oil Corp.*, 10 F.3d at 98); *see also Meehan*, 652 F.2d at 277 ("[I]t is evident that a ten-day delay in submitting an amended answer to a complaint amended nearly one year after it was first answered would not have led to a default judgment."). "For the delay in filing

the answer to prejudice [the non-defaulting party], the delay must result in the loss of evidence, create increased difficulties of discovery, or provide greater opportunity for fraud and collusion." *Jones*, 2004 WL 3267285, at *3 (citing *Davis v. Musler*, 713 F.2d 907, 915 (2d Cir.1983)).

Here, there appears to be no prejudice to Rodriguez, and Rodriguez, who has not opposed this motion, has not claimed any prejudice. The Moving Defendants' delay does not threaten lost evidence or prevent Rodriguez from accessing discovery, as discovery has not yet begun. *See Goo v. Hand Hosp. LLC*, No. 23 Civ. 8235 (VSB), 2025 WL 357745, at *2 (S.D.N.Y. Jan. 31, 2025) (finding no prejudice as the case was "still in its early stages, and discovery can proceed without any substantial disruption"); *Diaz v. Westbury Pancake House, Inc.*, No. 16 Civ. 743 (DRH) (SIL), 2017 WL 650733, at *6 (E.D.N.Y. Feb. 1, 2017) (noting that "discovery has yet to occur, which does not favor a finding of prejudice"), *R&R adopted*, 2017 WL 639253 (E.D.N.Y. Feb. 16, 2017). Accordingly, this factor also weighs in favor of vacatur.

## CONCLUSION

For the above reasons, the Clerk of Court is respectfully instructed to set aside the defaults entered as to Defendants 605 West 42nd Owner, LLC and Columbus Property Management. Defendants 605 West 42nd Owner, LLC and

Columbus Property Managements' deadline to answer, move, or otherwise respond to Plaintiff's Complaint shall be set at 14 days after the entry of this order on the docket.

      **SO ORDERED.**

DATED:     New York, New York
             January 8, 2026

                                  _____

                                  The Honorable Gary Stein
                                  United States Magistrate Judge